BLD-234                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1880
_____

HENRY UNSELD WASHINGTON,
                                        Appellant

v.

WARDEN SCI-GREENE; BYUNGHAK JIN Doctor, SCI-Greene;
PRISON HEALTH SERVICES, INC., ("PHS") PA. Doc. Health Care Providers;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS, DOC
Commissioner; LORI WHITE, Deputy Commissioner; JEFFREY MARTIN, Deputy
Warden SCI-Greene; MARK CAPPOZZA, Deputy Warden SCI-Greene; DANNY
DAVIS, Warden Assistant, SCI-Greene; TRACY SHAWLEY, Warden's Assistant, SCI-
Greene; DIANE THOMAS, Administrative 2, SCI-Greene; LORINDA WINGFIELD,
also known as Lorinda Winfield; W. LEGGETT; P. WALKER, RHU Commander, SCI-
Greene; C.A. HAYWOOD, Captain of Security, SCI-Greene; ARMSTRONG, Lieutenant
of Security, SCI-Greene; V. SANTOYO, Lieutenant of Security, SCI-Greene;
D. A. KNISELY; A. MORRIS, Lieutenant of Security, SCI-Greene; S. P. DURCO,
Lieutenant of Security, SCI-Greene; GREGO; J. M. SMITH, Sergeant, SCI-Greene;
DORSEY, Sergeant, SCI-Greene; S. GERVIN; STEWART, Sergeant, SCI-Greene; R. L.
RENNER, Sergeant, SCI-Greene; FARRIER, Sergeant, SCI-Greene;
BOWLEN, Corrections Officers, SCI-Greene; MS. R. HAYES, Corrections Officer, SCI-
Greene; RUSH, Corrections Officer, SCI-Greene; J.C. MARDERNESS, Corrections
Officer, SCI-Greene; MAYER, Corrections Officer, SCI-Greene; MCDOWSVILLE,
Corrections Officer, SCI-Greene; SHAFFER, Corrections Officer, SCI-Greene;
STEPHENS, Corrections Officer, SCI-Greene; MS. T. M. LORA, Corrections Officer,
SCI-Greene; S. W. NEWCOMER, Corrections Officer, SCI-Greene; J. ARDABELL,
Corrections Officer, SCI-Greene; STUMP, Corrections Officer, SCI-Greene;
NELSON, Corrections Officer, SCI-Greene; T. S. OSWALD, Corrections Officer, SCI-
Greene; T. A. CONKLIN, Corrections Officer, SCI-Greene; K.E. VOUGHT, Corrections
Officer, SCI-Greene; T. R. GRUMP, Corrections Officer, SCI- Greene; KULK,
Corrections Officer, SCI-Greene; JONES, Corrections Officer, SCI-Greene; J. D.
SUHAN, Corrections Officer, SCI-Greene; E.M. BOGDEN, Corrections Officer, SCI-
Greene; S. A. ARDABELL, Corrections Officer, SCI-Greene; MICHELE

ANTANOVICH, Nurse Practitioner, SCI-Greene; MICHELE L. HOWARD-DIGGS, PAC; IRMA VIHLIDAL, Health Care Administrator, SCI-Greene; NEDRA GREGO, Nurses Supervisor, SCI-Greene; JOHNNY MCANANY, Nurses Supervisor, SCI-Greene; R. DIETZ, Psychiatric Coordinator, SCI-Greene; ASSAD KAHN, Psychiatrist, SCI-Greene; D. SWARTZ, Counselor, SCI-Greene; D. GEEHRING, Mail Inspector Supervisor, SCI-Greene; HENDRICKS, Property Officer, SCI-Greene; J. SMITH, Corrections Officer, SCI-Greene; WILLIAM JOSIAH TRBOVICH; MS. DONALDSON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-11-cv-01046)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2015
Before:   AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 18, 2015)
_____

OPINION[*]
_____


PER CURIAM

Appellant, Henry Washington, appeals the District Court's order dismissing his pro se amended complaint.  Upon consideration of the record, we conclude that the District Court properly determined that Washington's amended complaint was subject to summary dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

In August 2011, Washington filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania, together with a motion seeking leave to proceed in forma pauperis. The complaint was forty-one pages in length (handwritten and single-spaced) and named fifty-nine defendants, most of whom are current or former employees and medical providers at the State Correctional Institution at Greene in Pennsylvania. Washington alleged violations of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, as well as violations of 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1(a). Washington was granted in forma pauperis status, and the Magistrate Judge ("MJ") to whom the complaint was referred instructed him of the need to file an amended complaint wherein he "name[d] every defendant and clearly state[d] any and all claims against each defendant." See MJ's Order entered Sept. 13, 2011 at 2.

We need not go into the details of all that ensued during the following two and a half-year period as the District Court has painstakingly summarized the proceedings and filings that comprise the forty-seven pages of docket entries that resulted from Washington's numerous and voluminous filings. See D. Ct. Mem. Order entered Mar. 4, 2014. Suffice it to say that, contrary to the court's instructions, Washington ultimately filed a 174-page amended complaint on August 23, 2013, that was anything but clear and concise. Defendants filed motions seeking to have Washington's amended complaint dismissed for, inter alia, his failure to comply with the Federal Rules of Civil Procedure.

3

On March 4, 2014, the District Court entered an order granting defendants' motions to the extent they sought such a dismissal under the Federal Rules.

The District Court found that the amended complaint "defies the basic pleading elements of the Federal Rules." See id. at 10. In particular, the District Court noted that Washington's amended complaint "does not remotely comply with Federal Rule of Civil Procedure 8," but instead "contain[s] hundreds of factual averments written in minutely small, and mostly illegible, handwriting" and "is best described as a 'kitchen-sink' or 'shotgun' complaint, where a plaintiff brings every conceivable claim against every conceivable defendant." Id. Insofar as it was apparent from the numerous pleadings submitted that Washington was unable or unwilling to file a conforming complaint, the District Court dismissed the action without further leave to amend. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. While we exercise plenary review over the District Court's dismissal of a complaint, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), we review the District Court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). We find no such abuse here.

Upon review of the record, and holding Washington's amended complaint to less stringent standards in light of his pro se status as did the District Court, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we agree with the District Court that the complaint failed to comply with Rule 8. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a

4

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d at 702 (citation omitted).

Washington's amended complaint was anything but "simple, concise, and direct." The amended complaint consists of approximately 174 pages of allegations, presented mostly in single-paragraph style, often with paragraphs spanning more than one page. As the District Court noted, much of the document appears in handwriting that is, at times, nearly unreadable. The amended complaint lacks "a short and plain statement" of the court's jurisdictional grounds and of the claims showing entitlement to relief, see Fed. R. Civ. P. 8(a), and the allegations are not "simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). It is so excessively voluminous and unfocused as to be unintelligible, and defies any attempt to meaningfully answer or plead to it. Rather than attempt to concisely clarify and simplify his allegations, Washington himself notes that he instead resorted to "using two lines in each space" when redrafting his amended complaint. See Br. in Supp. of Mot. for Review (entry # 213) at 1. However, cramming twice the amount of handwritten information into the same physical space did nothing to move Washington's filing closer to being one that complied with the dictates of Rule 8.

Accordingly, we conclude that the District Court committed no error in granting defendants' motions and dismissing Washington's amended complaint without further

5

leave to amend.[1]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

2002).  Because this appeal presents no substantial question, we will affirm the District

Court's order of dismissal.  See Third Circuit LAR 27.4 and I.O.P. 10.6.

_____

[1] In light of this conclusion, we need not consider the propriety of the District Court's conclusion that Washington's amended complaint runs afoul of Fed. R. Civ. P. 20 as well.